UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VAUGHN MEDICAL EQUIPMENT			CIVIL ACTION
REPAIR SERVICE, L.L.C.

VERSUS						NO. 10-124

JORDAN RESES SUPPLY COMPANY, INC.		SECTION "C" (4)
ET AL

ORDER AND REASONS

This matter comes before the Court on the plaintiff's motion for temporary restraining order and motion for preliminary injunction. Having considered the record, the memorandum of counsel for the plaintiff and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiff, a distributor of medical supplies and equipment, has filed this suit against the defendants under the Sherman and Clayton Acts, 15 U.S.C. §§ 1, 2, 13, 14 and 15, under the Civil Rights Act, 42 U.S.C. §§ 1981, 1982, and 1985, along with state law claims for tortious interference, libel, slander, business disparagement, civil conspiracy and unjust enrichment. The plaintiff claims that the defendants have caused and continue to cause damage to his business relationship with the Veterans Administration.

Here, the Court is advised that the defendants have been given notice of this filing for purposes of Fed. R. Civ. 65(b)(2). Rule 65(b)(1) provides that, in addition, that a temporary restraining can be issued only if "it clearly appears from specific facts shown

by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Here, those critical facts are lacking in this application. In fact, it appears that this motion is largely a restatement of the complaint filed one month ago, coupled with additional allegations to the effect that the "Defendants have been attempting to locate Vaughn Medical's suppliers, and have already cut off Vaughn Medical's two largest third-party suppliers," including one last week, and that "[i]f Defendants are permitted to continue hunting the third-party suppliers, then Vaughn Medical will go out of business before a trial on the merits can ever be held." (Rec. Doc. 8, p. 17). Although relevant, the Court finds that the alleged change of circumstances over the last month does not justify the issuance of a temporary restraining order.

Under Rule 65, a preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. *Ridgely v. Fed. Emergency Mgmt. Agency*, 12 F.3d 727, 734 (5th Cir. 2008). Again, the Court's reading of both motions indicates that the plaintiff has fallen short of the mark for the extraordinary relief sought. The affidavit of Mark Thierry, upon which the plaintiff relies, does not indicate to the Court that the plaintiff has a substantial likelihood of success on the merits as to any single claim. The plaintiff presents a general argument as to the likelihood of success concerning "the bad

acts that Defendants have engaged in," without specific argument as to specific claims. (Rec. Doc. 8, p. 25; Rec. Doc. 9, p. 22). In addition, the Court finds that irreparable harm has not been shown, and does not find that the allegation that the plaintiff has suffered an irreparable harm to business reputation has been sufficiently established. Instead, all the damages alleged appear to be quantifiable. Finally, the plaintiff has not shown entitlement to injunctive relief with regard to the requirement that the threatened injury outweighs any damage that the injunction may cause the opposing parties or that the injunction will not disserve the public interest.

This Order is directed only to the appropriateness of a temporary restraining order and preliminary injunction. The Court does not express any opinion as to the appropriateness of any other relief sought by the plaintiff.

Accordingly,

IT IS ORDERED that the plaintiff's motions for temporary restraining and preliminary injunction are DENIED. (Rec. Docs. 8 & 9).

New Orleans, Louisiana, this 19th day of February, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE